UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUIS A. SALAMAN,            : | |
|     Plaintiff,            : | |
|                                           : | PRISONER |
| v.            : | CASE NO. 3:11-cv-1993 (SRU) |
|                                           : | |
| EDWIN DeJESUS, et al.,         : | |
|     Defendants.            : | |

INITIAL REVIEW ORDER

      Luis A. Salaman ("Salaman"), currently incarcerated at the Corrigan-Radgowski Correctional Center in Uncasville, Connecticut, has filed a complaint *pro se* under 42 U.S.C. § 1983 (2000). He names as defendants Police Officer Edwin DeJesus, Captain J. Peterson, Chief Frank Limon, Mayor John DeStefano, Police Commissioner John Doe and the City of New Haven. Defendants DeJesus, Peterson, Limon, DeStefano and Doe are named in their individual capacities only. Salaman contends that the defendants denied him due process in connection with a civil action in federal court.

      Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*.

      In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon

which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Salaman alleges that, on January 5, 2009, he participated in a civil rights trial in federal court on a claim for use of excessive force. Defendant DeJesus testified falsely at the trial. After the trial, Salaman obtained dispatch tapes and verifies that defendant DeJesus had testified falsely. In April 2009, Salaman informed, *inter alia*, the Internal Affairs Unit of the New Haven Police Department and defendant DeStefano. Defendant Peterson told Salaman that the Internal Affairs Unit only investigates complaints filed within one year of the occurrence. As the incident about which defendant DeJesus had testified occurred in 2003, he would not investigate. Defendant Peterson ignored Salaman's response that the issue he wanted investigated was defendant DeJesus' false testimony in January 2009, not the underlying incident. In August 2011, Salaman submitted complaints to defendants DeStefano, Doe and Limon. He did not receive any response.

Salaman contends that defendant DeJesus testified falsely at a civil trial. A police officer, like any other witness, is protected by absolute immunity regarding his testimony at trial. *See Briscoe v. LaHue*, 460 U.S. 325, 342-46 (1983). Thus, Salaman cannot pursue a section 1983 action against defendant DeJesus as a result of prior testimony. The claims against Officer

Edwin DeJesus are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

Salaman's claim against defendants Peterson, DeStefano, Limon and Doe is that they failed to investigate his allegation regarding defendant DeJesus. Salaman has no constitutional right to have defendant DeJesus prosecuted or investigated. *See Town of Castle Rock v. Gonzales*, 545 U.S. 748, 768-69 (2005) (victim of crime has no procedural or substantive due process interest in investigation or prosecution of perpetrator); *see also S. v. D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). The claims against defendants Peterson, DeStafano, Limon and Doe are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Finally, Salaman argues that because the other defendants were employees of the City of New Haven, the city is responsible for their actions. Municipalities may be included as defendants under section 1983. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 690 (1978). To state a claim under *Monell*, however, the plaintiff must show that an official policy, practice or custom was the "motivating force [behind] the constitutional violation." *Dodd v. City of Norwich*, 827 F.2d 1, 5 (2d Cir. 1987). Salaman contends that defendant DeJesus acted in violation of departmental policy. He alleges no facts suggesting that any conduct in this case was motivated by an official policy or custom. Thus, all claims against the City of New Haven are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)   The complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b).

(2)   The Clerk is directed to enter judgment and close this case.

**SO ORDERED** this 7th day of February 2012, at Bridgeport, Connecticut.

                                              /s/ Stefan R. Underhill
                                              Stefan R. Underhill
                                              United States District Judge